John J. Nelson (SBN 317598)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
280 South Beverly Drive
Beverly Hills, California 90212
Tel.:   (858) 209-6941
jnelson@milberg.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GUTIERREZ-TORRES, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLINIVATE, LLC,<br><br>Defendant. | Case No. 2:22-cv-6532<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hector Gutierrez-Torres ("Plaintiff") individually and on behalf of all other similarly situated makes the following allegations against Defendant Clinivate, LLC ("Clinivate") upon personal knowledge as to his own actions and his

counsels' investigation, and upon information and belief as to all other matters, and those facts that are a matter of public record:

## I.     NATURE OF THE ACTION

1.     On or about July 22, 2022, Defendant Clinivate posted a notice, entitled *Notice of Data Breach* (hereinafter, the "Notice"), announcing publicly that an unauthorized actor breached Defendant's network and accessed Clinivate's files.

2.     According to Clinivate's Notice, on May 25, 2022 it learned "that certain systems and files containing personal information were accessed without authorization between March 12, 2022, and March 21, 2022." These files contained personally identifiable information ("PII") and protected health information ('PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including names, Social Security numbers, medical record numbers, health plan beneficiary numbers, treatment information, diagnosis information, other medical information and/or information related to payments for the provision of healthcare (collectively, the "Private Information"), and were accessed and compromised by an unauthorized third party in the cybersecurity incident (the "Data Breach").

3.     As detailed below, the Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cyber-security procedures and

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

protocols necessary to protect Plaintiff's and Class Members' Private Information despite the fact that data breach attacks against medical systems and healthcare providers are at an all-time high and are a foreseeable risk to entities like Clinivate.

4.     This attack enabled an unauthorized third-party to access Clinivate's computer systems and the highly sensitive and confidential data of thousands of victims – patients at various medical facilities and treatment centers who use Clinivate's electronic health records services.

5.     Defendant, despite professing to take the privacy and security of its patients' confidential and health information seriously, has *not* offered to provide affected individuals with adequate credit monitoring service (i.e. Clinivate only offers one-year of credit monitoring when the effects of a data breach can last a lifetime) or compensation for the damages they have suffered as a result of the Data Breach.

6.     As a consequence of the Data Breach, Plaintiff's and Class Members' Private Information has been released into the public domain and they have had to, and will continue to have to, spend time to protect themselves from fraud and identity theft.

7.     The mechanism of the cyberattack and potential for the improper disclosure of Plaintiff's and Class Members' Private Information was a known risk to Defendant, through frequent news reports and government warnings to the

- 3 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

healthcare industry, and thus it was on notice that failing to take steps necessary to secure the Private Information from those risks left the property in a dangerous and vulnerable condition. Defendant Clinivate is an electronic records service provider, and either should be or is cognizant of the risks of data breaches when storing as much private information as is needed to render medical services.

8.      Defendant disregarded the rights of Plaintiff and Class Members (defined below) by, *inter alia*, intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions; failing to disclose that it did not have adequately robust computer systems and security practices to safeguard patient Private Information; failing to take standard and reasonably available steps to prevent the Data Breach and failing to provide Plaintiff and Class Members accurate notice of the Data Breach.

9.      Plaintiff's and Class Members' identities are now at risk because of Defendant's conduct since the Private Information that Defendant collected and maintained is now in the hands of data thieves.

10.      Armed with the Private Information accessed in the Data Breach, data thieves can commit a variety of crimes including, *e.g.*, opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' information to obtain government benefits, filing fraudulent

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph and/or giving false information to police during an arrest.

11.     As a result of the Data Breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

12.     Plaintiff and Class Members may also incur out of pocket costs for, *e.g.*, purchasing credit monitoring services, credit freezes, credit reports or other protective measures to deter and detect identity theft.

13.     Plaintiff seeks to remedy these harms on behalf of himself and all similarly situated individuals whose Private Information was accessed during the Data Breach.

14.     Plaintiff seeks remedies including, but not limited to, compensatory damages, statutory damages, nominal damages, reimbursement of out-of-pocket costs, and injunctive relief including improvements to Defendant's data security systems, future annual audits, and adequate credit monitoring services funded by Defendant.

CLASS ACTION COMPLAINT

- 5 -

## II.    JURISDICTION AND VENUE

15.    This Court has jurisdiction pursuant to the Class Action Fairness Act because: (1) at least one putative Class Member is a resident of a different state than Defendant's domicile or place of incorporation; (2) there are thousands of putative Class Members; and (3) the amount-in-controversy exceeds $5,000,000.

16.    Personal jurisdiction is appropriate over Defendant because Defendant is headquartered in California, Defendant transacts, directs, and maintains business in California and Defendant maintains a systematic and continuous presence in California.

17.    Venue is proper in the Central District of California because Defendant maintains corporate offices in this District, and a substantial part of the acts or omissions complained of herein occurred in this District.

## III.    PARTIES

### *Plaintiff Hector Gutierrez-Torres*

18.    Plaintiff Hector Gutierrez-Torres is a resident and a citizen of California, currently residing in Los Angeles, California. Plaintiff Gutierrez-Torres received a Notice letter from Defendant dated July 22, 2022.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

*Defendant Clinivate, LLC*

19.     Defendant Clinivate, LLC is an electronic health records vendor/company that is headquartered at 99 South Lake Avenue, Pasadena, California.

## IV.    FACTUAL ALLEGATIONS

### DEFENDANT'S BUSINESS

20.     Clinivate is "a company dedicated to creating easy-to-use … tools for the documentation, tracking, and management of behavioral healthcare services."[1]

21.     In the course of doing business, Clinivate collects and stores PII and PHI of the patients of various behavioral healthcare services including the Private Information compromised in the Data Breach, i.e., names, Social Security numbers, medical record numbers, health plan beneficiary numbers, treatment information, diagnosis information, other medical information and information related to the provision of healthcare.

22.     The PII and PHI that the Defendant collects and stores is highly sensitive and it is particularly egregious that a software company responsible for the storage of behavioral health information did not take the necessary precautions to protect that information.

---

[1] https://clinivate.com/?page_id=55, (last accessed Aug. 29, 2022).

CLASS ACTION COMPLAINT

- 7 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

23.     Despite Clinivate's failings, the Notice only offers victims a cold apology and inadequate identity monitoring and theft protection services. In Clinivate's Privacy Policy for the behavioral health services entities they work with, they state "[p]rotecting your private information is [Clinivate's] priority."[2]

24.     Thousands of Data Breach victims, through their behavioral health providers, provided Defendant with extremely sensitive and personal PII and PHI, such as medical information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") inclusive of the PII and PHI compromised in the Breach discussed herein.

25.     Defendant collects certain medical information about behavioral health care patients and creates records of the care it provides to them.

26.     Additionally, Defendant may receive private and personal information from other individuals and/or organizations that are part of a patient's "circle of care," such as referring physicians, patients' other doctors, patients' health plan(s), close friends and/or family members.

27.     Plaintiff and Class members relied on Defendant to keep their highly sensitive information confidential and securely maintained.

---

[2] https://docs.clinivate.com/privacy-policy/, (last accessed Aug. 29, 2022).

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

28.     Due to the highly sensitive and personal nature of the information Defendant acquires and stores, Defendant promises to maintain the confidentiality of patients' health, financial, and non-public personal information, ensure compliance with federal and state laws and regulations, and not to use or disclose patients' Private Information for non-essential reasons.

29.     As a condition of receiving medical care and treatment at the behavioral health services that the Defendant services, Defendant requires that those patients, including Plaintiff and Class Members, entrust it with highly sensitive personal information.

30.     Prior to receiving medical care and treatment at those behavioral health services, Plaintiff gave (and was required to give) his highly sensitive personal information to Defendant.

31.     By obtaining, collecting, using, and deriving a benefit from Plaintiff and Class members' PII and PHI, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff and Class members' PII and PHI from unauthorized disclosure.

32.     Plaintiff and the Class members have taken reasonable steps to maintain the confidentiality of their PII and PHI.

33.     Plaintiff and the Class members relied on Defendant to keep their PII and PHI confidential and securely maintained, to use this information for business

and health purposes only, and to make only authorized disclosures of this information.

## THE BREACH

34.    On or about July 22, 2022, Defendant began informing affected individuals, including Plaintiff and Class Members, that its computer network had been accessed by an unauthorized third-party actor by way of a cyberattack and resulting in the compromise of a wide range of PII and PHI belonging to patients of healthcare providers that contracted with Defendant for services.

35.    Although the Notice letter states that Defendant experienced a data security incident from March 12, 2022 through March 21, 2022, it provides scant detail about the nature, severity, or scope of the attack. Even worse, Defendant did not inform victims of the data breach until over four months after the Data Breach occurred and was discovered.

36.    Clinivate's Notice reveals numerous issues with Clinivate's response to the Data Breach: (1) Clinivate first discovered the Data Breach on March 23, 2022 but did not notify victims until nearly four months later, on July 22, 2022, that their Private Information was compromised; (2) Clinivate concluded its investigation on May 25, 2022 but did not notify victims of the Data Breach until nearly two months later, on July 22, 2022; and (3) Clinivate's Data Breach occurred between March 12, 2022 and March 21, 2022 and Clinivate did not discover the Data Breach until 2

CLASS ACTION COMPLAINT

- 10 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

days later which shows that Clinivate did not or is not effectively monitoring their networks for intrusions and suspicious activity.

37.     But what's clear from the Notice is that cybercriminals did in fact exfiltrate Plaintiff's and Class members' PII and PHI during the nine-day period in which the cybercriminals had unfettered access to Defendant's IT network, as that is the *modus operandi* of cybercriminals who commit such attacks.

38.     Simply put, Defendant could have prevented this Data Breach but it did not implement or maintain adequate measures to protect its patients' PII and PHI. Defendant also could have prevented the attackers from exfiltrating intelligible data by using standard encryption practices but files accessed by hackers was not encrypted.

39.     Moreover, the removal of Private Information from Defendant's system, including, but not limited to, names and Social Security Numbers (which are the keys to identity theft and fraud), and other health information —demonstrates that this cyberattack was targeted at Defendant due to its status as a healthcare software company that houses sensitive PII and PHI.

40.     Due to Defendant's incompetent security measures, Plaintiff and the Class Members now face a present and substantial risk of fraud and identity theft and must deal with that threat forever.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

41.    As detailed herein, Defendant had obligations created by HIPAA, the FTC Act, California law, industry standards, and common law to Plaintiff and the Class members to keep their PII and PHI secure and confidential and to protect it from unauthorized access and disclosure.

42.    Plaintiff and the Class members entrusted their PII and PHI to Defendant with the reasonable expectation that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

43.    Despite widespread knowledge of the dangers of identity theft and fraud associated with cyberattacks and unauthorized disclosure of Private Information, Defendant provided unreasonably deficient protections prior to the Breach, including, but not limited to a lack of basic security measures for storing and handling patients' Private Information and inadequate employee training regarding how to access, handle and safeguard this information.

44.    Defendant failed to adequately adopt and train its employees on even the most basic of information security protocols, including:

     a.    storing, locking, encrypting and limiting access to patients' highly sensitive Private Information;

     b.    implementing guidelines for accessing, maintaining and communicating sensitive Private Information;

CLASS ACTION COMPLAINT

- 12 -

and

c.    protecting patients' sensitive Private Information by implementing protocols on how to utilize such information.

45.    Defendant's failures handed Plaintiff's and Class Members' Private Information over to an unauthorized third party and put Plaintiff and Class Members at serious, immediate and continuous risk of identity theft and fraud.

46.    PHI and PII that is jeopardized in data breaches like the one at issue here are often sold and purchased over the dark web and used to perpetuate identity theft and fraud by criminal actors.

47.    As a growing number of federal courts have begun to recognize the loss of value of Private Information as a viable damages theory, the sale of Private Information from data breaches, as in the Data Breach alleged herein, is particularly harmful to data breach victims – especially when it takes place on the dark web.

48.    Plaintiff and Class Members' PII is a valuable commodity, a market exists for Plaintiff and Class Members' PII (which is why the Data Breach was perpetrated in the first place), and Plaintiff and Class Members' PII is being likely being sold by hackers on the dark web as that is how hackers derive value from Private Information – as a result, Plaintiff and Class Members have lost the value of

CLASS ACTION COMPLAINT

- 13 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

their Private Information, which is sufficient to plausibly allege injury arising from a data breach.

49.    The Breach that exposed Plaintiff's and Class Members' Private Information was caused by Defendant's violation of its obligations to abide by best practices and industry standards concerning its information security practices and processes.

50.    Defendant failed to comply with security standards or to implement security measures that could have prevented or mitigated harm from the Data Breach.

51.    Defendant failed to ensure that all personnel with access to patients' Private Information were properly trained in retrieving, handling, using and distributing sensitive information.

## THE BREACH WAS FORESEEABLE

52.    Defendant had obligations created by HIPAA, industry standards, and common law made to Plaintiff and Class Members to keep their Private Information confidential and to protect it from unauthorized access and disclosure.

53.    Plaintiff and Class members provided their Private Information to Defendant with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

54.     Defendant's data security obligations were particularly important given the substantial increase in ransomware attacks and/or data breaches in the healthcare industry preceding the date of the breach.

55.     Data breaches, including those perpetrated against the healthcare sector of the economy, have become extremely widespread.

56.     In 2021, a record 1,862 data breaches occurred, resulting in approximately 293,927,708 sensitive records being exposed, a 68% increase from 2020.[3] Of the 1,862 recorded data breaches, 330 of them, or 17.7% were in the medical or healthcare industry.[4] The 330 reported breaches reported in 2021 exposed nearly 30 million sensitive records (28,045,658), compared to only 306 breaches that exposed nearly 10 million sensitive records (9,700,238) in 2020.[5]

57.     In light of recent high profile cybersecurity incidents at other healthcare partner and provider companies, including, American Medical Collection Agency (25 million patients, March 2019) University of Washington Medicine (974,000 patients, December 2018), Florida Orthopedic Institute (640,000 patients, July 2020), Wolverine Solutions Group (600,000 patients, September 2018), Oregon Department of Human Services (645,000 patients, March 2019), Elite Emergency

---

[3] *See* 2021 Data Breach Annual Report (ITRC, Jan. 2022) (available at https://notified.idtheftcenter.org/s/), at 6.

[4] *Id.*

[5] *Id.*

CLASS ACTION COMPLAINT

- 15 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Physicians (550,000 patients, June 2020), Magellan Health (365,000 patients, April 2020), BJC Health System (286,876 patients, March 2020), Defendant knew or should have known that its electronic records would be targeted by cybercriminals.

58.     In fact, according to the cybersecurity firm Mimecast, 90% of healthcare organizations experienced cyberattacks in the past year.

59.     Indeed, cyberattacks have become so notorious that the Federal Bureau of Investigation ("FBI") and U.S. Secret Service have issued a warning to potential targets so they are aware of, and prepared for, a potential attack. As one report explained, "[e]ntities like smaller municipalities and hospitals are attractive to ransomware criminals… because they often have lesser IT defenses and a high incentive to regain access to their data quickly."

60.     According to the 2019 Health Information Management Systems Society, Inc. ("HIMMS")Cybersecurity Survey, "[a] pattern of cybersecurity threats and experiences is discernable across U.S. healthcare organizations.  Significant security incidents are a near-universal experience in U.S. healthcare organizations with many of the incidents initiated by bad actors, leveraging e-mailas a means to compromise the integrity of their targets."[6]

---

[6]      *See* https://www.himss.org/sites/hde/files/d7/u132196/2019_HIMSS_Cybersecurity_Survey_Final_Report.pdf

CLASS ACTION COMPLAINT

- 16 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

61.     PII and PHI is of great value to hackers and cybercriminals, and the data compromised in the Breach can be used in a variety of unlawful manners.

62.     Indeed, the cybercriminals who possess the Class members' PII and PHI can readily obtain Class members' tax returns or open fraudulent credit card accounts in Class members' names.

63.     Therefore, the increase in such attacks, and attendant risk of future attacks, was widely known to the public and to anyone in Defendant's industry, including, upon information and good faith belief, Defendant.

## DEFENDANT FAILED TO FOLLOW FTC GUIDELINES

64.     The Federal Trade Commission ("FTC") has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices.

65.     According to the FTC, the need for data security should be factored into all business decision-making.

66.     In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses.

67.     The guidelines note that businesses should protect the personal patient information that they keep; properly dispose of personal information that is no longer

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

68.    The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.

69.    The FTC further recommends that companies not maintain PII longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

70.    The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect patient data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

CLASS ACTION COMPLAINT

- 18 -

71.   These FTC enforcement actions include actions against healthcare providers like Defendant.  *See, e.g., In the Matter of Labmd, Inc., A Corp*, 2016-2 Trade Cas. (CCH) ¶ 79708, 2016 WL 4128215, at *32 (MSNET July 28, 2016) ("[T]he Commission concludes that LabMD's data security practices were unreasonable and constitute an unfair act or practice in violation of Section 5 of the FTC Act.").

72.   Defendant failed to properly implement basic data security practices.

73.   Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to patients' PII and PHI constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

74.   Defendant was at all times fully aware of its obligation to protect the PII and PHI of the patients for whom it stored PII and PHI. Defendant was also aware of the significant repercussions that would result from its failure to do so.

## DEFENDANT FAILED TO MEET INDUSTRY STANDARDS

75.   As shown above, experts studying cyber security routinely identify healthcare providers as being particularly vulnerable to cyberattacks because of the value of the PII and PHI which they collect and maintain.

76.   Several best practices have been identified that a minimum should be implemented by healthcare providers like Defendant, including but not limited to: educating all employees; strong passwords; multi-layer security, including firewalls,

CLASS ACTION COMPLAINT

- 19 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

anti-virus, and anti-malware software; encryption, making data unreadable without a key; multi-factor authentication; backup data, and; limiting which employees can access sensitive data.

77.   Other best cybersecurity practices that are standard in the healthcare industry include installing appropriate malware detection software; monitoring and limiting the network ports; protecting web browsers and email management systems; setting up network systems such as firewalls, switches and routers; monitoring and protection of physical security systems; protection against any possible communication system; training staff regarding critical points.

78.   Defendant failed to meet the minimum standards of any of the following frameworks: the NIST Cybersecurity Framework Version 1.1 (including without limitation PR.AC-1, PR.AC-3, PR.AC-4, PR.AC-5, PR.AC-6, PR.AC-7, PR.AT-1, PR.DS-1, PR.DS-5, PR.PT-1, PR.PT-3, DE.CM-1, DE.CM-4, DE.CM-7, DE.CM-8, and RS.CO-2), and the Center for Internet Security's Critical Security Controls (CIS CSC), which are all established standards in reasonable cybersecurity readiness.

79.   These foregoing frameworks are existing and applicable industry standards in the healthcare industry, and Defendant failed to comply with these accepted standards, thereby opening the door to and causing the Breach.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

**DEFENDANT INSUFFICENT DATA SECURITY VIOLATES HIPAA**

80.     HIPAA requires covered entities like Defendant to protect against reasonably anticipated threats to the security of sensitive patient health information.

81.     Covered entities must implement safeguards to ensure the confidentiality, integrity, and availability of PHI. Safeguards must include physical, technical, and administrative components.

82.     Title II of HIPAA contains what are known as the Administrative Simplification provisions. These provisions require, among other things, that the Department of Health and Human Services ("HHS") create rules to streamline the standards for handling PHI and PII like the data Defendant left unguarded.

83.     The HHS subsequently promulgated multiple regulations under authority of the Administrative Simplification provisions of HIPAA.  These rules include 45 C.F.R. § 164.306(a)(1-4); 45 C.F.R. § 164.312(a)(1); 45 C.F.R. § 164.308(a)(1)(i); 45 C.F.R. § 164.308(a)(1)(ii)(D) and 45 C.F.R. § 164.530(b).

A data breach such as the one Defendant experienced, is also considered a breach under the HIPAA Rules because there is an access of PHI not permitted under the HIPAA Privacy Rule: A breach under the HIPAA Rules is defined as, "...the acquisition, access, use, or disclosure of PHI in a manner not permitted under the [HIPAA Privacy

CLASS ACTION COMPLAINT

- 21 -

Rule] which compromises the security or privacy of the PHI." See 45 C.F.R. 164.40

84.     Data breaches are Security Incidents under HIPAA because they impair both the integrity (data is not interpretable) and availability (data is not accessible) of patient health information:

> The presence of ransomware (or any malware) on a covered entity's or business associate's computer systems is a security incident under the HIPAA Security Rule. A security incident is defined as the attempted or successful unauthorized access, use, disclosure, modification, or destruction of information or interference with system operations in an information system. See the definition of security incident at 45 C.F.R. 164.304. Once the ransomware is detected, the covered entity or business associate must initiate its security incident and response and reporting procedures. See 45 C.F.R.164.308(a)(6).

85.     Defendant's Breach resulted from a combination of insufficiencies that demonstrate it failed to comply with safeguards mandated by HIPAA regulations.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

**DEFENDANT'S BREACH**

86.     Defendant breached its obligations to Plaintiff and the Class members and/or was otherwise negligent and reckless because it failed to properly maintain and safeguard its computer systems, network, and data.

87.     Defendant's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

    a.    Failing to maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

    b.    Failing to adequately protect patients' Private Information;

    c.    Failing to properly monitor its own data security systems for existing intrusions, brute-force attempts and clearing of event logs;

    d.    Failing to apply all available security updates;

    e.    Failing to install the latest software patches, update its firewalls, check user account privileges, or ensure proper security practices;

    f.    Failing to practice the principle of least-privilege and maintain credential hygiene;

CLASS ACTION COMPLAINT

- 23 -

g.      Failing to avoid the use of domain-wide, admin-level service accounts;

h.      Failing to employ or enforce the use of strong randomized, just-in- time local administrator passwords;

i.      Failing to properly train and supervise employees in the proper handling of inbound emails;

j.      Failing to ensure the confidentiality and integrity of electronic PHI it created, received, maintained and/or transmitted, in violation of 45 C.F.R. § 164.306(a)(1);

k.      Failing to implement technical policies and procedures for    electronic information systems that maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

l.      Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R. §

CLASS ACTION COMPLAINT

- 24 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

164.308(a)(1)(i);

m.  Failing to implement procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports in violation of 45 C.F.R. § 164.308(a)(1)(ii)(D);

n.  Failing to protect against reasonably anticipated threats or hazards to the security or integrity of electronic PHI in violation of 45 C.F.R. § 164.306(a)(2);

o.  Failing to protect against reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. § 164.306(a)(3);

p.  Failing to ensure compliance with HIPAA security standard rules by its workforces in violation of 45 C.F.R. § 164.306(a)(4);

q.  Failing to train all members of its workforces effectively on the policies and procedures

CLASS ACTION COMPLAINT

- 25 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

regarding PHI as necessary and appropriate for the members of its workforces to carry out their functions and to maintain security of PHI, in violation of 45 C.F.R. § 164.530(b) and/or

r.   Failing to render the electronic PHI it maintained unusable, unreadable, or indecipherable to unauthorized individuals, as it had not encrypted the electronic PHI as specified in the HIPAA Security Rule by "the use of an algorithmic process to transform data into a form in which there is a low probability of assigning meaning without use of a confidential process or key," 45 CFR § 164.304 (definition of encryption).

88.   As the result of allowing its computer systems to fall into dire need of security upgrading and its inadequate procedures for handling cybersecurity threats, Defendant negligently and unlawfully failed to safeguard Plaintiff and the Class members' PII and PHI.

89.   Accordingly, as outlined below, Plaintiff and Class members now face a substantial, increased, and immediate risk of fraud and identity theft.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

90.     In addition, Plaintiff and the Class members also lost the benefit of the bargain they made with Defendant because of its inadequate data security practices for which they gave good and valuable consideration.

## DATA BREACHES ARE DISRUPTIVE & PUT CONSUMERS AT RISK

91.     The United States Government Accountability Office released a report in 2007 regarding data breaches ("GAO Report") in which it noted that victims of identity theft will face "substantial costs and time to repair the damage to their good name and credit record."[7]

92.     That is because any victim of a data breach is exposed to serious ramifications regardless of the nature of the data. Indeed, the reason criminals steal personally identifiable information is to monetize it.

93.     They do this by selling the spoils of their cyberattacks on the black market to identity thieves who desire to extort and harass victims, take over victims' identities in order to engage in illegal financial transactions under the victims' names.  Because a person's identity is akin to a puzzle, the more accurate pieces of data an identity thief obtains about a person, the easier it is for the thief to take on the victim's identity, or otherwise harass or track the victim.

---

[7]     *See* U.S. Gov. Accounting Office, GAO-07-737, Personal Information: Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown (2007). Available at https://www.gao.gov/new.items/d07737.pdf.

CLASS ACTION COMPLAINT

- 27 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

94.     For example, armed with just a name and date of birth, a data thief can utilize a hacking technique referred to as "social engineering" to obtain even more information about a victim's identity, such as a person's login credentials or Social Security number.

95.     Social engineering is a form of hacking whereby a data thief uses previously acquired information to manipulate individuals into disclosing additional confidential or personal information through means such as spam phone calls and text messages or phishing emails.

96.     The FTC recommends that identity theft victims take several steps to protect their personal and financial information after a data breach, including contacting one of the credit bureaus to place a fraud alert (consider an extended fraud alert that lasts for 7 years if someone steals their identity), reviewing their credit reports, contacting companies to remove fraudulent charges from their accounts, placing a credit freeze on their credit, and correcting their credit reports.[8]

97.     Identity thieves use stolen personal information such as Social Security numbers for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.

---

[8]     *See IdentityTheft.gov*, Federal Trade Commission, https://www.identitytheft.gov/Steps (last visited Mar. 16, 2021).

CLASS ACTION COMPLAINT

- 28 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

98.    Identity thieves can also use Social Security numbers to obtain a driver's license or official identification card in the victim's name but with the thief's picture; use the victim's name and Social Security number to obtain government benefits; or file a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security number, rent a house or receive medical services in the victim's name, and may even give the victim's personal information to police during an arrest resulting in an arrest warrant being issued in the victim's name.

99.    A study by Identity Theft Resource Center shows the multitude of harms caused by fraudulent use of personal and financial information:[9]

100.   Moreover, theft of PII and PHI is also gravely serious. PII and PHI is an extremely valuable property right.[10]

101.   Its value is axiomatic, considering the value of "big data" in corporate America and the fact that the consequences of cyber thefts include heavy prison sentences. Even this obvious risk to reward analysis illustrates beyond doubt that PII and PHI has considerable market value.

---

[9]      *See* Jason Steele, *Credit Card and ID Theft Statistics*, CreditCards.com (Oct. 23, 2020) https://www.creditcards.com/credit-card-news/credit-card-security-id-theft-fraud-statistics-1276.php.
[10]     *See, e.g.*, John T. Soma, *et al.*, *Corporate Privacy Trend: The "Value" of Personally Identifiable Information ("PII") Equals the "Value" of Financial Assets*, 15 Rich. J.L. & Tech. 11, at *3-4 (2009) ("PII, which companies obtain at little cost, has quantifiable value that is rapidly reaching a level comparable to the value of traditional financial assets.") (citations omitted).

CLASS ACTION COMPLAINT

- 29 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

102.   Theft of PHI, in particular, is gravely serious: "[a] thief may use your name or health insurance numbers to see a doctor, get prescription drugs, file claims with your insurance provider, or get other care. If the thief's health information is mixed with yours, your treatment, insurance and payment records, and credit report may be affected."[11]

103.   Drug manufacturers, medical device manufacturers, pharmacies, hospitals and other healthcare service providers often purchase PII and PHI on the black market for the purpose of target marketing their products and services to the physical maladies of the data breach victims themselves. Insurance companies purchase and use wrongfully disclosed PHI to adjust their insureds' medical insurance premiums.

104.   It must also be noted there may be a substantial time lag—measured in years—between when harm occurs and when it is discovered, and also between when PII, PHI, and/or financial information is stolen and when it is used.

105.   According to the U.S. Government Accountability Office, which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on

---

[11] *See* Federal Trade Commission, *Medical Identity Theft*, http://www.consumer.ftc.gov/articles/0171-medical-identity-theft

CLASS ACTION COMPLAINT

- 30 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm. *See* GAO Report, at p. 29.

106.   PII and PHI is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years.

107.   There is a strong probability that entire batches of stolen information have been dumped on the black market and are yet to be dumped on the black market, meaning Plaintiff and Class members are at an increased risk of fraud and identity theft for many years into the future.

108.   Thus, Plaintiff and Class members must vigilantly monitor their financial and medical accounts for many years to come.

109.   Sensitive PII and PHI can sell for as much as $363 per record according to the Infosec Institute.[12]

110.   PII is particularly valuable because criminals can use it to target victims with frauds and scams.

111.   Once PII is stolen, fraudulent use of that information and damage

---

[12]   *See* Ashiq Ja, *Hackers Selling Healthcare Data in the Black Market*, InfoSec (July 27, 2015), https://resources.infosecinstitute.com/topic/hackers-selling-healthcare-data-in-the-black-market/.

CLASS ACTION COMPLAINT

- 31 -

to victims may continue for years.

112.    For example, the Social Security Administration has warned that identity thieves can use an individual's Social Security number to apply for additional credit lines.[13] Such fraud may go undetected until debt collection calls commence months, or even years, later. Stolen Social Security Numbers also make it possible for thieves to file fraudulent tax returns, file for unemployment benefits, or apply for a job using a false identity.[14]

113.    Each of these fraudulent activities is difficult to detect. An individual may not know that his or her Social Security Number was used to file for unemployment benefits until law enforcement notifies the individual's employer of the suspected fraud. Fraudulent tax returns are typically discovered only when an individual's authentic tax return is rejected.

114.    Moreover, it is not an easy task to change or cancel a stolen Social Security number.

115.    An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. Even then, a new Social Security number may not be effective, as "[t]he credit bureaus and banks are

---

[13]    *Identity Theft and Your Social Security Number*, Social Security Administration (2018) at 1. Available at https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited Mar. 16, 2021).
[14]    *Id.* at 4.

CLASS ACTION COMPLAINT

- 32 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

able to link the new number very quickly to the old number, so all of that old bad information is quickly inherited into the new Social Security number."[15]

116.    This data, as one would expect, demands a much higher price on the black market. Martin Walter, senior director at cybersecurity firm RedSeal, explained, "[c]ompared to credit card information, personally identifiable information and Social Security Numbers are worth more than 10x on the black market."[16]

117.    Medical information is especially valuable to identity thieves.

118.    According to account monitoring company LogDog, medical data sells for $50 and up on the Dark Web.[17]

119.    Because of the value of its collected and stored data, the medical industry has experienced disproportionally higher numbers of data theft events than other industries.

120.    For this reason, Defendant knew or should have known about these

---

[15]    Brian Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015), http://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-identity-theft.

[16]    Tim Greene, *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, Computer World (Feb. 6, 2015), http://www.itworld.com/article/2880960/anthem-hack-personal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html.

[17]    Lisa Vaas, *Ransomware Attacks Paralyze, and Sometimes Crush, Hospitals*, Naked Security (Oct. 3, 2019), https://nakedsecurity.sophos.com/2019/10/03/ransomware-attacks-paralyze-and-sometimes-crush-hospitals/#content.

CLASS ACTION COMPLAINT

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

dangers and strengthened its network and data security systems accordingly. Defendant was put on notice of the substantial and foreseeable risk of harm from a data breach, yet it failed to properly prepare for that risk.

## HARM TO PLAINTIFF

121.    Plaintiff was required to and did entrust his Private Information to Defendant through his health services provider who required that Defendant keep the Private Information safe from unauthorized disclosure. Plaintiff received a Notice of Data Breach from Defendant dated July 22, 2022. The Notice stated that Plaintiff's name, Social Security number, medical record number, health plan beneficiary number, treatment information, diagnosis information, other medical information and/or information related to payments for the provision of healthcare was compromised in the Data Breach.

122.    To date, Defendant has done next to nothing to adequately protect Plaintiff and Class Members, or to compensate them for their injuries sustained in this Data Breach.

123.    Defendant's data breach notice letter downplays the theft of Plaintiff's and Class Members PII and PHI, when the facts demonstrate that the PII and PHI was deliberately exfiltrated in a criminal action. The fraud and identity monitoring services offered by Defendant are only for one year, and Defendant places the burden squarely on Plaintiff and Class Members by requiring them to expend time signing

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

up for the service and addressing timely issues resulting from the Data Breach.

124.    Plaintiff and Class Members have been further damaged by the compromise of their PII and PHI.

125.    Plaintiff's PII and PHI was compromised in the Data Breach and was likely stolen and in the hands of cybercriminals who illegally accessed Defendant's network for the specific purpose of targeting the PII and PHI.

126.    Plaintiff typically takes measures to protect his PII and PHI and is very careful about sharing his PII and PHI. For example, Plaintiff has never knowingly transmitted unencrypted PII over the internet or other unsecured source.

127.    Plaintiff stores any documents containing his PHI and PII in a safe and secure location, and he diligently chooses unique usernames and passwords for his online accounts.

128.    As a result of the Data Breach, Plaintiff has suffered a loss of time and has spent and continues to spend a considerable amount of time on issues related to this Data Breach. This is time that was lost and unproductive and took away from other activities and duties.

129.    As a result of the Data Breach, Plaintiff made reasonable efforts to mitigate the impact of the Data Breach after receiving the data breach notification letter, including but not limited to researching the Data Breach, reviewing credit reports, financial account statements, and/or medical records for any indications of

CLASS ACTION COMPLAINT

- 35 -

actual or attempted identity theft or fraud.

130.   Plaintiff has suffered actual injury in the form of fraud attempts – there has been at least one attempt to open credit cards in his name, which were reported to authorities.

131.   Plaintiff also suffered actual injury in the form of damages to and diminution in the value of his Private Information — a form of intangible property that he entrusted to Defendant for the purpose of facilitating healthcare services from Defendant, which was compromised in and as a result of the Data Breach.

132.   Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of his privacy.

133.   Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from his PII and PHI, especially his Social Security Number and health information, being placed in the hands of criminals.

134.   Defendant obtained and continues to maintain Plaintiff's PII and PHI and has a continuing legal duty and obligation to protect that PII and PHI from unauthorized access and disclosure. Defendant required the PII and PHI from Plaintiff when he received healthcare services. Plaintiff, however, would not have entrusted his PII and PHI to Defendant had he known that it would fail to maintain

adequate data security. Plaintiff's PII and PHI was compromised and disclosed as a result of the Data Breach.

135.    As a result of the Data Breach, Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. As a result of the Data Breach, Plaintiff is at a present risk and will continue to be at increased risk of identity theft and fraud for years to come.

## V.    CLASS ALLEGATIONS

136.    Plaintiff brings this suit on behalf of himself and a class of similarly situated individuals under Federal Rule of Civil Procedure 23, which is preliminarily defined as:

> **National Class.** All persons Defendant has identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Class").

137.    Plaintiff also seeks to represent a California Subclass defined as:

> **California Subclass.** All persons who reside in California and who Defendant has identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Subclass").

138.    Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

139. **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Though the exact number and identities of Class Members are unknown at this time, public news reports indicate that thousands of individuals had their PII and PHI compromised in this Data Breach. The identities of Class Members are ascertainable through Defendant's records, Class Members' records, publication notice, self-identification, and other means.

140. **Commonality**. There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

      a.     Whether Defendant unlawfully used, maintained, lost, or disclosed Plaintiff's and Class Members' PII and PHI;

      b.     Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

      c.     Whether Defendant's data security systems prior to

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

and during the Data Breach complied with
applicable data security laws and regulations;

d.     Whether Defendant's data security systems prior to
and during the Data Breach were consistent with
industry standards;

e.     Whether Defendant owed a duty to Class Members
to safeguard their PII and PHI;

f.     Whether Defendant breached its duty to Class
Members to safeguard their PII and PHI;

g.     Whether Class Members' unencrypted PII and PHI
was exfiltrated in the Data Breach;

h.     Whether Defendant knew or should have known
that its data security systems and monitoring
processes were deficient;

i.     Whether Plaintiff and Class Members suffered
legally cognizable damages as a result of
Defendant's misconduct;

j.     Whether Defendant's conduct was negligent;

k.     Whether Defendant's conduct was *per se* negligent,
and;

CLASS ACTION COMPLAINT

- 39 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

l.      Whether Plaintiff and Class Members are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

141.   **Typicality**. Plaintiff's claims are typical of those of other Class Members because Plaintiff's Private Information, like that of every other Class member, was compromised in the Data Breach.

142.   **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the Members of the Classes. Plaintiff's Counsel is competent and experienced in litigating Class actions, including data privacy litigation of this kind.

143.   **Predominance**. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

144.   **Superiority**. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

litigation. Absent a Class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a Class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

145.   Defendant has acted on grounds that apply generally to the Classes as a whole, so that Class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

146.   Likewise, particular issues under Federal Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

     a.    Whether Defendant owed a legal duty to Plaintiff and the Classes to exercise due care in collecting, storing, and safeguarding their Private Information;

     b.    Whether Defendant's security measures to protect their data systems were reasonable in light of best

CLASS ACTION COMPLAINT

- 41 -

practices recommended by data security experts;

    c.    Whether Defendant's failure to institute adequate protective security measures amounted to negligence;

    d.    Whether Defendant failed to take commercially reasonable steps to safeguard consumer Private Information; and

    e.    Whether adherence to FTC data security recommendations, and measures recommended by data security experts would have reasonably prevented the data breach.

147.   Finally, all members of the proposed Classes are readily ascertainable. Defendant has access to Class Members' names and addresses affected by the Data Breach. Class Members have already been preliminarily identified and sent notice of the Data Breach by Defendant.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Negligence**
**(On behalf of Plaintiff and the National Class)**

148.   Plaintiff re-alleges and incorporates by reference all paragraphs above as if fully set forth herein.

CLASS ACTION COMPLAINT

- 42

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

149.   Plaintiff brings this Count on his own behalf and on behalf of the National Class (the "Class" for the purposes of this Count).

150.   Defendant required Plaintiff and the Class Members to entrust to it non-public personal information in order to obtain the benefit of its services. Plaintiff and Class Members were the intended beneficiaries of Defendant's services and were harmed as a result of Defendant's negligent data security practices.

151.   The Class members are individuals who entrusted certain PII and PHI to Defendant including, but not limited to, their names, addresses, Social Security Numbers and "medical information" as a necessary condition of Defendant providing software-related services required to render medical services to the Class members.

152.   Defendant had full knowledge of the sensitivity of the PII and PHI to which it was entrusted and the types of harm that Class members could and would suffer if the information were wrongfully disclosed.

153.   Defendant had a duty to each Class Member to exercise reasonable care in holding, safeguarding, and protecting that information.

154.   Plaintiff and the Class Members were the foreseeable victims of any inadequate safety and security practices with respect to their Private Information.

155.   The Class Members had no ability to protect their data in Defendant's possession.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

156.   By collecting and storing this data in its computer property, and by sharing it and using it for commercial gain, Defendant had a duty of care to use reasonable means to secure and safeguard its computer property—and the Class Members' PII and PHI held within it—to prevent disclosure of the information and to safeguard the information from theft.

157.   Defendant's duty included a responsibility to implement processes by which they could detect a breach of its security systems in a reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach.

158.   Defendant owed a duty of care to safeguard the PII and PHI of Plaintiff and Class members in its custody.  This duty of care arises because Defendant knew of a foreseeable risk to the data security systems it used.  Defendant knew of this foreseeable risk because of the explosion of ransomware and data breach incidents involving healthcare providers detailed above. Despite its knowledge of this foreseeable risk, Defendant failed to implement reasonable security measures.

159.   Defendant owed a duty of care to Plaintiff and the Class members to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the PII and PHI.

160.   Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Class members from a data breach.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

161.   Defendant's duty to use reasonable security measures under HIPAA required Defendant to "reasonably protect" confidential data from "any intentional or unintentional use ordisclosure" and to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. § 164.530(c)(1).

162.   Some or all of the medical information at issue in this case constitutes "protected health information" within the meaning of HIPAA.

163.   In addition, Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfairpractice of failing to use reasonable measures to protect confidential data.

164.   Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential PII and PHI.

165.   Defendant breached its duties, and thus was negligent, by failing to use reasonablemeasures to protect the Class members' PHI and PII.

166.   The specific negligent acts and omissions committed by Defendant includes, but are not limited to, the following:

CLASS ACTION COMPLAINT

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

a.      Failing to adopt, implement and maintain adequate security measures to safeguard Class members' PII and PHI;

b.      Failing to adequately monitor the security of its networks and systems;

c.      Failure to periodically ensure that their network system had plans in place to maintain reasonable data security safeguards;

d.      Allowing unauthorized access to Class members' PII and PHI;

e.      Failing to detect in a timely manner that Class members' PII and PHI had been compromised;

f.      Failing to timely notify Class members about the Data Breach so that they could take appropriate steps to mitigate the potential for identity theft and other damages; and

g.      Failing to have mitigation and back-up plans in place in the event of a cyber- attack and data breach.

CLASS ACTION COMPLAINT

- 46 -

167.    It was foreseeable that Defendant's failure to use reasonable measures to protect Class members' PII and PHI would result in injury to Plaintiff and Class members.

168.    Further, the breach of security was reasonably foreseeable given the known high frequency of hacking incidents, cyberattacks, and data breaches in the healthcare industry.

169.    It was therefore foreseeable that the failure to adequately safeguard Class members' PII and PHI would result in one or more types of injuries to Class members.

170.    Plaintiff and Class members are entitled to compensatory and consequential damages suffered as a result of the Breach.

171.    Plaintiff and Class members are also entitled to injunctive relief requiring Defendant to (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures and (iii) provide adequate credit monitoring to all Class members.

## SECOND CAUSE OF ACTION
### Violation of the California Confidentiality of Medical Information Act
### Cal. Civ. Code § 56, *et seq*.
### (On behalf of Plaintiff and the National Class)

172.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

173.   Plaintiff brings this Count on his own behalf and on behalf of the National Class (the "Class" for the purposes of this Count).

174.   Section 56.10(a) of the California Civil Code provides that "[a] provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization[.]"

175.   Defendant   is a "contractor" within the meaning of Civil Code § 56.05(d) within the meaning of Civil Code § 56.06 and/or a "business organized for the purpose of maintaining medical information" and/or a "business that offers software or hardware to consumers . . . that is designed to maintain medical information" within the meaning of Civil Code § 56.06(a) and (b), and maintained and continues to maintain "medical information," within the meaning of Civil Code § 56.05(j), for "patients" of Defendant, within the meaning of Civil Code § 56.05(k).

176.   Plaintiff and all members of the Class are "patients" within the meaning of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiff and the Class fear that disclosure of their medical information could subject them to harassment or abuse.

177.   Plaintiff and the respective Class Members, as patients, had their individually identifiable "medical information," within the meaning of Civil Code

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

§ 56.05(j), created, maintained, preserved, and stored on Defendant's computer network at the time of the breach.

178.   Defendant, through inadequate security, allowed unauthorized third-party access to Plaintiff's and each Class Members' medical information, without the prior written authorization of Plaintiff and the Class Members, as required by Civil Code § 56.10 of the CMIA.

179.   In violation of Civil Code § 56.10(a), Defendant disclosed Plaintiff's and the Class Members' medical information without first obtaining an authorization. Plaintiff's and the Class Members' medical information was viewed by unauthorized individuals as a direct and proximate result of Defendant's violation of Civil Code § 56.10(a).

180.   In violation of Civil Code § 56.10(e), Defendant further disclosed Plaintiff's and the Class Members' medical information to persons or entities not engaged in providing direct health care services to Plaintiff or the Class Members or their providers of health care or health care service plans or insurers or self-insured employers.

181.   Defendant violated Civil Code § 56.101 of the CMIA through its willful and knowing failure to maintain and preserve the confidentiality of the medical information of Plaintiff and the Class. Defendant's conduct with respect to the disclosure of confidential PII/PHI was willful and knowing because Defendant

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

designed and implemented the computer network and security practices that gave rise to the Data Breach.

182.   In violation of Civil Code § 56.101(a), Defendant created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and the Class members' medical information in a manner that failed to preserve and breached the confidentiality of the information contained therein. Plaintiff's and the Class members' medical information was viewed by unauthorized individuals as a direct and proximate result of Defendant's violation of Civil Code § 56.101(a).

183.   In violation of Civil Code § 56.101(a), Defendant negligently created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and the Class members' medical information. Plaintiff's and the Class members' medical information was viewed by unauthorized individuals as a direct and proximate result of Defendant's violation of Civil Code § 56.101(a).

184.   Plaintiff's and the Class members' medical information that was the subject of the Data Breach included "electronic medical records" or "electronic health records" as referenced by Civil Code § 56.101(c) and defined by 42 U.S.C. § 17921(5).

185.   In violation of Civil Code § 56.101(b)(1)(A), Defendant's electronic health record system or electronic medical record system failed to protect and preserve the integrity of electronic medical information. Plaintiff's and the Class

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

members' medical information was viewed by unauthorized individuals as a direct and proximate result of Defendant's violation of Civil Code § 56.101(b)(1)(A).

186.   Defendant violated Civil Code § 56.36 of the CMIA through its failure to maintain and preserve the confidentiality of the medical information of Plaintiff and the Class.

187.   As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized disclosure and release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101, 56.36.

188.   As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach, and violation of the CMIA, Plaintiff and the Class members have suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*, (i) an imminent, immediate and the continuing increased risk of identity theft, identity fraud and medical fraud – risks justifying expenditures for protective and remedial services for which they are entitled to compensation, (ii) invasion of privacy, (iii) breach of the confidentiality of their PII/PHI, (iv) statutory damages under the California CMIA, (v) deprivation of the value of their PII/PHI, for which there is a well-established national and international market, and/or (vi) the financial and temporal cost of

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

monitoring their credit, monitoring their financial accounts, and mitigating their damages.

189.   Plaintiff, individually and for each member of the Class, seeks nominal damages of one thousand dollars ($1,000) for each violation under Civil Code § 56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2), injunctive relief, as well as punitive damages of up to $3,000 per Plaintiff and each Class member, and attorneys' fees, litigation expenses and court costs, pursuant to Civil Code § 56.35.

## THIRD CAUSE OF ACTION
### Violations of California's Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200, *et seq*.
### (On behalf of Plaintiff and the National Class)

190.   Plaintiff realleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

191.   Plaintiff brings this Count on his own behalf and on behalf of the National Class (the "Class" for the purposes of this Count).

192.   The acts and omissions described herein were directed and emanated from Defendant's California headquarters and injured Plaintiff and the Class Members throughout the United States.

193.   The UCL prohibits any "unlawful" or "unfair" business act or practice, as those terms are defined by the UCL and relevant case law. By virtue of the above-

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach, Defendant engaged in unlawful and unfair practices within the meaning, and in violation, of the UCL.

194.   In the course of conducting their business, Defendant committed "unlawful" business practices by, *inter alia*, knowingly failing to design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' Private Information, and by violating the statutory and common law alleged herein, including, *inter alia*, the California Consumer Privacy Act of 2018 (Cal. Civ. Code § 1798.100, *et seq*.), Article I, Section 1 of the California Constitution (California's constitutional right to privacy), Cal. Civil Code § 1798.81.5, 45 C.F.R. § 164, *et seq*., and Section 5 of the FTC Act. Plaintiff and Class Members reserve the right to allege other violations of law by Defendant constituting other unlawful business acts or practices. Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care are ongoing and continue to this date.

195.   Defendant also violated the UCL by failing to timely notify Plaintiff and Class members pursuant to Civil Code § 1798.82(a) regarding the unauthorized access and disclosure of their Private Information. If Plaintiff and Class members

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

had been notified in an appropriate fashion, they could have taken precautions to safeguard and protect their Private Information and identities.

196.    Defendant violated the Unfair prong of the UCL by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and the Class's Private Information with knowledge that the information would not be adequately protected; and by storing Plaintiff's and the Class's Private Information in an unsecure electronic environment. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and the Class.  They were likely to deceive the public into believing their Private Information was securely stored when it was not. The harm these practices caused to Plaintiff and the Class outweighed their utility, if any.

197.    Defendant's above-described wrongful actions, inaction, omissions, want of ordinary care, misrepresentations, practices, and non-disclosures also constitute "unfair" business acts and practices in violation of the UCL in that Defendant's wrongful conduct is substantially injurious to consumers, offends legislatively-declared public policy, and is immoral, unethical, oppressive, and unscrupulous. Defendant's practices are also contrary to legislatively declared and public policies that seek to protect Private Information and ensure that entities who solicit or are entrusted with personal data utilize appropriate security measures, as

CLASS ACTION COMPLAINT

- 54 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

reflected by laws such as the CCPA, CMIA, Article I, Section 1 of the California Constitution, HIPAA and the FTC Act (15 U.S.C. § 45). The gravity of Defendant's wrongful conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests other than engaging in the above-described wrongful conduct.

198.   Plaintiff and Class Members suffered injury in fact and lost money or property as a result of Defendant's violations of statutory and common law. Plaintiff and the Class suffered from the loss of the benefit of the bargain by overpaying for services that should have included adequate data security for their Private Information, by experiencing a diminution of value in their Private Information as a result if its theft by cybercriminals, the loss of Plaintiff's and the California Class's legally protected interest in the confidentiality and privacy of their Private Information, and additional losses as described above

199.   As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach and their violations of the UCL, Plaintiff and Class members have suffered injury in fact and lost money or property as a result of Defendant's unfair and deceptive conduct. Such injury includes paying for a certain level of security for their PII but receiving a lower level, paying more for Defendant's products and services than they otherwise would have had they known

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Defendant was not providing the reasonable security represented in their Privacy Policy and as in conformance with their legal obligations. Defendant's security practices have economic value in that reasonable security practices reduce the risk of theft of customer's PII.

200.   Plaintiff and Class members have also suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*, (i) an imminent, immediate and the continuing increased risk of identity theft and identity fraud – risks justifying expenditures for protective and remedial services for which they are entitled to compensation, (ii) invasion of privacy, (iii) breach of the confidentiality of their PII, (iv) statutory damages under the CCPA, (v) deprivation of the value of their PII for which there is a well-established national and international market, and/or (vi) the financial and temporal cost of monitoring their credit, monitoring financial accounts, and mitigating damages.

201.   Unless restrained and enjoined, Defendant will continue to engage in the above-described wrongful conduct and more data breaches will occur. Plaintiff, therefore, on behalf of themselves, Class Members, and the general public, also seek restitution and an injunction, including public injunctive relief prohibiting Defendant from continuing such wrongful conduct, and requiring Defendant to modify their corporate culture and design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies,

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

procedures protocols, and software and hardware systems to safeguard and protect the Private Information entrusted to it, as well as all other relief the Court deems appropriate, consistent with Bus. & Prof. Code § 17203.

### FOURTH CAUSE OF ACTION
**Violations of the California Consumer Privacy Act of 2018 ("CCPA")**
**Cal. Civ. Code § 1798, *et seq.***
**(On behalf of Plaintiff and the California Subclass)**

202.   Plaintiff realleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

203.   Plaintiff brings this cause of action on behalf of himself and on behalf of the California Subclass (the "Class" for the purposes of this Count).

204.   As more personal information about consumers is collected by businesses, consumers' ability to properly protect and safeguard their privacy has decreased. Consumers entrust businesses with their personal information on the understanding that businesses will adequately protect it from unauthorized access and disclosure. The California Legislature explained: "The unauthorized disclosure of personal information and the loss of privacy can have devasting effects for individuals, ranging from financial fraud, identity theft, and unnecessary costs to

CLASS ACTION COMPLAINT

- 57 -

personal time and finances, to destruction of property, harassment, reputational damage, emotional stress, and even potential physical harm."[18]

205.   As a result, in 2018, the California Legislature passed the CCPA, giving consumers broad protections and rights intended to safeguard their personal information. Among other things, the CCPA imposes an affirmative duty on businesses that maintain personal information about California residents to implement and maintain reasonable security procedures and practices that are appropriate to the nature of the information collected. Defendant failed to implement such procedures which resulted in the Data Breach.

206.   It also requires "[a] business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party . . . [to] require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." Cal. Civ. Code § 1798.81.5(c).

207.   Section 1798.150(a)(1) of the CCPA provides: "Any consumer whose nonencrypted or nonredacted personal information, as defined [by the CCPA] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of

---

[18]   California Consumer Privacy Act (CCPA) Compliance, https://buyergenomics.com/ccpa-complience/.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

the business' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for" statutory or actual damages, injunctive or declaratory relief, and any other relief the court deems proper.

208.   Plaintiff and the Class Members are "consumer[s]" as defined by Civ. Code § 1798.140(g) because they are "natural person[s] who [are] California resident[s], as defined in Section 17014 of Title 18 of the California Code of Regulations, as that section read on September 1, 2017."

209.   Defendant is a "business" as defined by Civ. Code § 1798.140(c) because Defendant:

>  a.   is a "sole proprietorship, partnership, limited liability company, corporation, association, or other legal entity that is organized or operated for the profit or financial benefit of its shareholders or other owners";

>  b.   "collects consumers' personal information, or on the behalf of which is collected and that alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information";

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

c.    does business in California; and

d.    has annual gross revenues in excess of $25 million; annually buys, receives for the business' commercial purposes, sells or shares for commercial purposes, alone or in combination, the personal information of 50,000 or more consumers, households, or devices; or derives 50 percent or more of its annual revenues from selling consumers' personal information.

210.    The Private Information taken in the Data Breach is personal information as defined by Civil Code § 1798.81.5(d)(1)(A) because it contains Plaintiff's and the Class members' unencrypted first and last names and Social Security numbers among other information.

211.    Plaintiff and the California Subclass' Private Information was subject to unauthorized access and exfiltration, theft, or disclosure because their PII, including name and contact information was wrongfully taken, accessed, and viewed by unauthorized third parties.

212.    The Data Breach occurred as a result of Defendant's failure to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff and the Class members' PII.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Defendant failed to implement reasonable security procedures to prevent an attack on their server or network, including its email system, by hackers and to prevent unauthorized access of Plaintiff's and Class Members' PII as a result of this attack.

213.   On September 13, 2022, Plaintiff provided Defendant with written notice of its violations of the CCPA, pursuant to Civil Code § 1798.150(b)(1). If Defendant fails to respond, or has not cured or is unable to cure the violation within 30 days thereof, Plaintiff will amend this Complaint to seek all relief available under the CCPA including damages to be measured as the greater of actual damages or statutory damages in an amount up to seven hundred and fifty dollars ($750) per consumer per incident.  *See* Cal. Civ. Code § 1798.150(a)(1)(A) & (b).

214.   As a result of Defendant's failure to implement and maintain reasonable security procedures and practices that resulted in the Data Breach, Plaintiff seeks injunctive relief, including public injunctive relief, declaratory relief, and any other relief as deemed appropriate by the Court.

**FIFTH CAUSE OF ACTION**
**Invasion of Privacy**
**Art. I, § 1 of the California Constitution**
**(On behalf of Plaintiff and the California Subclass)**

215.   Plaintiff realleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT

- 61 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

216. Plaintiff brings this Count on his own behalf and on behalf of the California Subclass (the "Class" for the purposes of this Count).

217. Article 1, Section 1 of the California Constitution guarantees a right of privacy to the citizens of California and Defendant violated that right by disclosing Plaintiff's and the Class Members' most intimate, sensitive, and confidential data to a criminal actor.

218. Plaintiff and Class Members had a legitimate expectation of privacy to their Private Information and were entitled to the protection of this information against disclosure to unauthorized third parties.

219. Defendant owed a duty to Plaintiff and Class Members to keep their Private Information contained as a part thereof, confidential.

220. Defendant failed to protect and released to unknown and unauthorized third parties the non-redacted and non-encrypted Private Information of Plaintiff and Class Members.

221. Defendant allowed unauthorized and unknown third parties access to and examination of the Private Information of Plaintiff and Class Members, by way of Defendant's failure to protect the Private Information.

222. The unauthorized release to, custody of, and examination by unauthorized third parties of the Private Information of Plaintiff and Class Members is highly offensive to a reasonable person.

CLASS ACTION COMPLAINT

- 62 -

223.   The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiff and Class Members disclosed their Private Information to Defendant as a necessary condition of their receiving healthcare, but privately with an intention that the PII would be kept confidential and would be protected from unauthorized disclosure. Plaintiff and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

224.   The Data Breach at the hands of Defendant constitutes an intentional interference with Plaintiff's and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

225.   Defendant acted with a knowing state of mind when it permitted the Data Breach to occur because it was with actual knowledge that its information security practices were inadequate and insufficient.

226.   Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Plaintiff and Class Members.

227.   As a proximate result of the above acts and omissions of Defendant, the Private Information of Plaintiff and Class Members was disclosed to third parties without authorization, causing Plaintiff and Class Members to suffer damages.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

228.   Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that the Private Information maintained by Defendant can be viewed, distributed, and used by unauthorized persons for years to come. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of privacy for Plaintiff and Class Members.

### SIXTH CAUSE OF ACTION
### Common Law Intrusion upon Seclusion
### (On behalf of Plaintiff and the National Class)

229.   Plaintiff realleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

230.   Plaintiff brings this Count on his own behalf and on behalf of the National Class (the "Class" for the purposes of this Count).

231.   Plaintiff and Class Members had a legitimate expectation of privacy to their Private Information and were entitled to the protection of this information against disclosure to unauthorized third parties.

232.   Defendant owed a duty to Plaintiff and Class Members to keep their Private Information contained as a part thereof, confidential.

CLASS ACTION COMPLAINT

- 64 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

233.   Defendant failed to protect and released to unknown and unauthorized third parties the non-redacted and non-encrypted Private Information of Plaintiff and Class Members.

234.   Defendant allowed unauthorized and unknown third parties access to and examination of the Private Information of Plaintiff and Class Members, by way of Defendant's failure to protect the Private Information.

235.   The unauthorized release to, custody of, and examination by unauthorized third parties of the Private Information of Plaintiff and Class Members is highly offensive to a reasonable person.

236.   The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiff and Class Members disclosed their Private Information to Defendant as a necessary condition of their receiving healthcare, but privately with an intention that the PII would be kept confidential and would be protected from unauthorized disclosure. Plaintiff and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

237.   The Data Breach at the hands of Defendant constitutes an intentional interference with Plaintiff's and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

238.   Defendant acted with a knowing state of mind when it permitted the Data Breach to occur because it was with actual knowledge that its information security practices were inadequate and insufficient.

239.   Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Plaintiff and Class Members.

240.   As a proximate result of the above acts and omissions of Defendant, the Private Information of Plaintiff and Class Members was disclosed to third parties without authorization, causing Plaintiff and Class Members to suffer damages.

241.   Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that the Private Information maintained by Defendant can be viewed, distributed, and used by unauthorized persons for years to come. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of privacy for Plaintiff and Class Members.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Classes defined herein, prays for judgment as against Defendant as follows:

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

a.    For an Order certifying this action as a Class action and appointing Plaintiff and their counsel to represent the Classes;

b.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff and Class Members' PII and PHI, and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and Class members;

c.    For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety, and to disclose with specificity the type of PII and PHI compromised during the Breach;

d.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

e.    Ordering Defendant to pay for not less than three years of credit monitoring services for Plaintiff and the Classes;

f.    For an award of actual damages, compensatory damages, statutory damages and statutory penalties, in an amount to be determined, as allowable by law;

g.    For an award of punitive damages, as allowable by law;

h.    For an award of attorneys' fees and costs, and any other expense, including expert witness fees;

CLASS ACTION COMPLAINT

- 67 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6961

i.      Pre- and post-judgment interest on any amounts awarded and,

j.      All such other and further relief as this court may deem just and proper.

## VIII. JURY TRIAL DEMAND

242.   Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: Sept. 13, 2022

*s/ John J. Nelson*

John J. Nelson

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

280 South Beverly Drive

Beverly Hills, California 90212

Tel.: (917) 471-1894

jnelson@milberg.com

David K. Lietz*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

5335 Wisconsin Avenue NW

Suite 440

Washington, D.C. 20015-2052

Telephone: (866) 252-0878

Facsimile: (202) 686-2877

dlietz@milberg.com

*Attorneys for Plaintiff and the Classes*

*\*Pro Hac Vice forthcoming*
